IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD A. NEWELL, JR.,

          OPINION AND ORDER

    Plaintiff,

             17-cv-436-bbc

  v.

STATE OF WISCONSIN, CHIPPEWA COUNTY
and WISCONSIN DEPARTMENT OF CORRECTIONS,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Pro se plaintiff Donald Newell is incarcerated at the New Lisbon Correctional Institution, which is in New Lisbon, Wisconsin. He has filed a complaint and paid the filing fee in full, so his claims are ready for screening by the court under 28 U.S.C. § 1915A. Because plaintiff has not identified a proper defendant and the complaint does not provide fair notice of his claims, I am dismissing the complaint without prejudice to plaintiff's filing an amended complaint that corrects the defects discussed below.

  The body of plaintiff's complaint is a single page and most of that is devoted to case law citations. The remainder is a request for relief. He asks the court to enjoin defendants from "interfer[ing]" with his "usage" of his "Veteran's Disability Pension" and to require them to return any money they have already taken. The complaint includes no factual allegations.

  Plaintiff's complaint has multiple problems. First, under Rule 8 of the Federal Rules

1

of Civil Procedure, plaintiff is required to provide fair notice of his claims to each defendant and set out claims that are plausible on their face.  Appert v. Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 622 (7th Cir. 2012); Bausch v. Stryker Corp., 630 F.3d 546, 559 (7th Cir. 2010). A plaintiff cannot provide fair notice when his complaint includes no factual allegations.

Plaintiff's request to enjoin defendants from interfering with his "usage" of the pension suggests that plaintiff's account may have been frozen or that restrictions were placed on it.  However, his request for "the return of all amounts taken from him" suggests that money is being deducted from his account for an unspecified purpose.

Regardless whether plaintiff's money is being restricted or confiscated, a determination whether that conduct violates his rights would depend upon the circumstances.  Plaintiff seems to believe that there is an absolute prohibition against any restriction on his use of his pension, but I am not aware of any law that would support that view and the cases plaintiff cites are not instructive.  Each of them is a criminal case from the 1800s about individuals prosecuted for offenses relating to withholding pensions wrongfully, but none of them discuss a pensioner's rights under civil law and none of them state that pensions are immune from otherwise valid restrictions.  E.g., Ballew v. United States, 160 U.S. 187 (1895); United States v. Irvine, 98 U.S. 450 (1878).

Although plaintiff does not identify a cause of action or legal theory in his complaint, the most plausible are under the takings clause of the Fifth Amendment and the due process clause of the Fourteenth Amendment.  Neither of these clauses creates a blanket right against

2

government interference with property.

The takings clause prohibits the government from a taking a person's property without just compensation. Barbian v. Panagis, 694 F.2d 476, 482 & n. 4 (7th Cir.1982). However, if officials are deducting money from plaintiff's account for a reasonable fee or to pay his restitution or other debts, that would not necessarily violate the takings clause. Edmonson v. Fremgen, 590 F. Appx 613, 615 (7th Cir. 2014); Meineke v. Finnan, No. 1:11-cv-01624-twp, 2014 WL 3586546, at *3 (S.D. Ind. July 21, 2014).

The due process clause prohibits the government from taking a person's property without notice and an opportunity to be heard. Mann v. Calumet City, Illinois, 588 F.3d 949, 954 (7th Cir. 2009). It is reasonable to infer at the pleading stage that plaintiff has a property interest in his pension, both before and after it is deposited in his prison account. Campbell v. Miller, 787 F.2d 217, 222 (7th Cir.1986). However, plaintiff does not say whether he has been denied notice or an opportunity to be heard. If money is being taken from plaintiff's account as part of an established state procedure, that would not necessarily violate the due process clause. E.g., Mahers v. Halford, 76 F.3d 951, 956 (8th Cir. 1996) (rule requiring that 20 percent of prisoner's deposits be used for restitution obligations did not violate due process clause); Wolfe v. Litscher, No. 03-C-302-C, 2003 WL 23221146, at *3 (W.D. Wis. July 7, 2003) ("[S]tate corrections officials can freeze or debit an inmate's account to enforce restitution orders issued by prison disciplinary bodies, provided that the disciplinary proceedings conform to the minimum requirements of procedural due process."); Richards v. Cullen, 150 Wis. 2d 935, 941, 442 N.W.2d 574, 576–77 (Ct. App. 1989) (rule

requiring prisoners to save percentage of deposits for release did not violate due process). Further, if individual officials are taking money from plaintiff in violation of state policy, that would not violate the due process clause because plaintiff would have adequate remedies under state law. West v. Berge, No. 05-C-37-C, 2005 WL 503819, at *4 (W.D. Wis. Feb. 28, 2005) (dismissing claim for unauthorized deduction from prisoner's account because prisoner had adequate remedies under chapters 810 and 893 of the Wisconsin Statutes, which provide individuals with causes of action for replevin and various torts).

In short, plaintiff cannot state a claim under the takings clause or the due process clause without describing the actions that officials are taking, the procedures used in taking those actions and the reasons for the officials' conduct. I will give plaintiff an opportunity to file an amended complaint that provides that information. Further, if plaintiff wishes to raise a claim under the due process clause, he should identify the process he believes he is due but has not received. If plaintiff believes that there is a federal statute that gives him greater rights than the Constitution and creates a civil cause of action allowing him to file a lawsuit, he should identify that statute in his amended complaint.

A second problem with plaintiff's complaint is that he has not identified a party that he can sue. Neither the state of Wisconsin nor the Wisconsin Department of Corrections can be sued for constitutional violations. Thomas v. Illinois, 697 F.3d 612, 613-14 (7th Cir. 2012). Rather, plaintiff must sue the individual officials who are responsible for the unlawful conduct.

A municipal government such as Chippewa County can be sued for violating the

4

Constitution, but only if the county has a policy that caused the violation. Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658 (1978). In this case, plaintiff not only failed to identify a county policy, but he also failed to explain how the county or any other entity or person is involved in decisions regarding his pension. If plaintiff chooses to file an amended complaint, he must include information explaining how each defendant is involved in allegedly violating his rights.

ORDER

IT IS ORDERED that plaintiff Donald Newell's complaint is DISMISSED WITHOUT PREJUDICE for his failure to provide fair notice of his claims. Plaintiff may have until August 8, 2017, to file an amended complaint that corrects the problems discussed in this order. If plaintiff does not respond by August 8, 2017, I will dismiss the complaint with prejudice, direct the clerk of court to enter judgment and record a "strike" against plaintiff under 28 U.S.C. § 1915(g).

Entered this 14th day of July, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge